IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER VEGA,
     Plaintiff,

vs.                                  Case No.:  3:15cv407/MCR/EMT

JULIE L. JONES, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Walter Vega ("Vega"), proceeding pro se and in forma pauperis, commenced this action by filing a civil rights complaint, under 42 U.S.C. § 1983 (ECF No. 1).  The matter is now before the court on Vega's Second Amended Complaint (ECF No. 24).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that this case should be dismissed because Plaintiff has not stated, and cannot state, a plausible claim for relief.

I.      VEGA'S ALLEGATIONS

Vega is an inmate of the Florida Department of Corrections ("FDOC"), housed

at Okaloosa Correctional Institution.  Vega names Julie L. Jones, Secretary of the

FDOC, and John Willis, Warden of Okaloosa C.I., as the Defendants in this case (ECF

No. 24 at 1–2).[1]  Although the Second Amended Complaint (ECF No. 24) is the

operative pleading, and any allegations in a prior pleading that are not set out in the

Second Amended Complaint are deemed abandoned, *see* N.D. Fla. Loc. R. 15.1(A),

the court has considered the allegations of Vega's initial Complaint (ECF No. 1), his

First Amended Complaint (ECF No. 11), and his Second Amended Complaint in

determining that his allegations do not, and cannot, state a plausible claim for relief.

Vega's pleadings present five claims.  A summary of the allegations supporting those

claims is set forth herein.

As his first claim, Vega alleges that when he arrived at Okaloosa C.I. in May

of 2013, he spoke to the law library supervisor and requested assistance with his

"legal issues."  Vega alleges the supervisor assigned Inmate Law Clerk Robert Floyd

to assist him.  Vega alleges Inmate Floyd refused to assist him with his federal habeas

case pending in the United States District Court for the Middle District of Florida,

Case No. 2:11cv413-SPC-CM.  Vega specifically alleges that on April 2, 2014, the

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Vega may have assigned.

Case No.: 3:15cv407/MCR/EMT

district court denied his habeas petition, and he filed a notice of appeal. Vega alleges

Inmate Floyd refused to assist him in drafting a motion for certificate of appealability

("COA") for filing in the Eleventh Circuit Court of Appeals, Case No. 14-11692-F.

Vega alleges Inmate Floyd told him that he had no meritorious issues to present in the

motion for COA (*see* ECF No. 1 at 7).

As his second claim, Vega alleges that on September 1, 2015, he submitted a

request to attend the law library. Vega alleged he was placed in the "call-out" to attend

the library on September 14 and 15, but the library was closed both days.

As his third claim, Vega complains about the manner in which Secretary Jones

processed an administrative grievance appeal.  Vega alleges he filed an administrative

appeal with Secretary Jones' office on August 3, 2015.  Vega alleges he received a

response to the appeal on September 14, 2015; however, the response was not signed

or dated by Secretary Jones (ECF No. 24, Ex. B).

As his fourth claim, Vega complains that the FDOC and Okaloosa C.I. do not

provide Spanish speaking inmate law clerks.  Vega alleges English speaking law

clerks do not want to assist him, because they do not speak Spanish.  Vega alleges the

use of an interpreter is insufficient, because his legal matters are private between him

and the law clerk (*see* ECF No. 24 at 11).

As his fifth claim, Vega alleges that on December 3, 2015, the Eleventh Circuit issued an order in Case No. 15-14249-B, dismissing another appeal he had filed in his federal habeas case (Middle District Case No. 2:11cv413-SPC-CM), and notifying him that a motion to reconsider, vacate, or modify the order of dismissal must be filed within 21 days (ECF No. 24, Ex. C).  Vega alleges he went to the law library on December 29 and 30, 2015, and requested copies of the motion he intended to file, but the law librarian denied his request for copies, because Vega was not on the "call out" (*see id.*).

Vega claims that his problems with the law library (the failure to provide a helpful law clerk, the failure to provide a Spanish speaking law clerk, the 2-day closure in September of 2015, and the failure to provide him copies in December of 2015), and Secretary Jones' failure to sign and date his administrative appeal, violated his First Amendment rights to seek redress of grievances and access the courts, his right to equal protection guaranteed by the Fourteenth Amendment, and his due process rights guaranteed by the Fifth Amendment.  Plaintiff seeks declaratory relief, as well as compensatory, punitive, and nominal damages (ECF No. 24 at 14).

## II.    ANALYSIS

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and alteration omitted); *see also* Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 556 U.S. at 679.  In civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . .  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation marks and alteration omitted).

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.  *See* Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991).  However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Vega must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved.  518 U.S. at 349.  The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim; there is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court."  *Id.* at 354. Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim."  *Id.*  Vega must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'"  *Id.* at 354–55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)).

Furthermore, Vega must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of the defendant's actions. Wilson v. Blankenship, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing Lewis); *see*

*also* <u>Bass v. Singletary</u>, 143 F.3d 1442, 1445–46 (11th Cir. 1998).  So long as Vega

was able to litigate his claim, he cannot demonstrate that he was unconstitutionally

denied access to the courts.  <u>Wilson</u>, 163 F.3d at 1291.  Moreover, Vega cannot show

an injury unless he shows that the case he was unable to pursue had arguable merit.

<u>Lewis</u>, 581 U.S. at 353 n.3; <u>Wilson</u>, *supra*.

Vega cannot show he suffered prejudice in either of his federal habeas appeals

as a result of the lack of assistance from an inmate law clerk (Spanish speaking or

otherwise), closure of the law library for two days in September of 2015, or failure to

provide copying services in December of 2015.  The online public records of the

Middle District of Florida, Case No. 2:11cv413-SPC-CM, indicate that in the district

court's order denying Vega's federal habeas petition, the court denied him a COA.[2]

*See* <u>Vega v. Secretary</u>, Case No. 2:11cv413-SPC-CM, Opinion and Order (M.D. Fla.

Apr. 2, 2014).  Vega filed a notice of appeal on April 14, 2014.  *See id.*, Notice of

---

[2] The court takes judicial notice of information available on the database maintained by the United States District Court for the Middle District of Florida, and the Eleventh Circuit Court of Appeals.  *See* Fed. R. Evid. 201; <u>United States v. Berrojo</u>, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); <u>In re Salem</u>, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); <u>Dawson v. Mahoney</u>, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); <u>United States v. Mercado</u>, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

Appeal (M.D. Fla. Apr. 16, 2014).  The Eleventh Circuit granted Vega an extension

of time to file a motion to proceed in forma pauperis ("IFP") on appeal.  *See id.*, Order

of USCA (M.D. Fla. May 16, 2014).  Vega filed an IFP motion in the district court on

May 21, 2014.  *See id.*, Motion for Leave to Appeal In Forma Pauperis/Affidavit of

Indigency (M.D. Fla. May 27, 2014).  The district court denied the IFP motion on July

1, 2014.  *See id.*, Order (M.D. Fla. July 1, 2014).  On July 14, 2014, the Eleventh

Circuit notified Vega that he may, within 30 days, either pay the appellate filing fee

to the district court, or file an IFP motion in the Eleventh Circuit (*see* ECF No. 24 at

Ex. A).  The notification also advised Vega that a motion for a COA should be filed

within the same 30-day time period, but that Vega's notice of appeal would be treated

as a request for COA if he did not file a motion (*id.*).  On December 5, 2014, the

Eleventh Circuit notified Vega, in response to his notice of inquiry, that his motions

for IFP and a COA (construed from his notice of appeal) were pending before the

court (*id.*).  On March 10, 2015, the Eleventh Circuit issued the following order:

> Walter Vega seeks a certificate of appealability ("COA"), as
> construed from his notice of appeal and leave to proceed in forma
> pauperis ("IFP") in order to appeal the dismissal of his pro se petition for
> habeas corpus, 28 U.S.C. § 2254.  To merit a COA, Vega must
> demonstrate that reasonable jurists would find it debatable whether (1)
> the district court was correct in its procedural ruling, and (2) the petition
> states a valid claim of the denial of a constitutional right.  *See* 28 U.S.C.
> § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595,
> 1604, 146 L. Ed. 2d 542 (2000).  Because Vega has failed to make the

requisite showing, the construed motion for a COA is DENIED.  His motion for IFP status is DENIED AS MOOT.

*See* Vega v. Secretary, Department of Corr., Case No. 14-11692, Order (11th Cir. Mar. 10, 2015).  In the Eleventh Circuit's letter to Vega enclosing the March 10, 2015 order, the court advised him that a motion to reconsider, vacate, or modify the order must be filed within 21 days of the entry of the order (*see* ECF No. 24, Ex. A).  On April 7, 2015, Vega filed a motion for reconsideration in the Eleventh Circuit.  *See* Vega v. Secretary, Department of Corr., Case No. 14-11692, Motion for Reconsideration (11th Cir. Apr. 13, 2015).  Vega stated in his motion that he did not receive the March 10 order until March 31, and he attached documentation supporting his assertion.  *See id.*  The Eleventh Circuit denied the motion on the merits, stating:

> Walter Vega has filed a pro se motion for reconsideration, pursuant to 11th Cir. R. 22-l(c) and 27-2, of an order dated March 10, 2015, denying his motions for a certificate of appealability and leave to proceed on appeal *in forma pauperis*, in order to appeal the denial of his 28 U.S.C. § 2254 petition.  Upon review, Vega's motion for reconsideration is DENIED, as he has offered no new evidence or arguments of merit to warrant relief.

*See id.*, Order (11th Cir. June 3, 2015).

In August of 2015, Vega attempted to file two discovery requests in the closed federal habeas case.  *See* Vega v. Secretary, Case No. 2:11cv413-SPC-CM, Notices to Serve Subpoena Duces Tecum (M.D. Fla. Aug. 21, 2015).  A United States

magistrate judge ordered the documents stricken, and returned them to Vega. *See id.*,

Order (M.D. Fla. Aug. 31, 2015). Vega appealed the magistrate judge's order to the

Eleventh Circuit. *See id.*, Notice of Appeal (M.D. Fla. Sept. 21, 2015). Vega also

filed another discovery request in the district court. *See id.*, Notice to Serve Subpoena

Duces Tecum (M.D. Fla. Sept. 28, 2015). The magistrate judge again ordered the

document stricken, and returned it to Vega. *See id.*, Order (M.D. Fla. Oct. 6, 2015).

Vega filed two IFP motions in the district court. *See id.*, Motion (M.D. Fla. Oct. 9,

2015), Motion (M.D. Fla. Nov. 9, 2015). The district court denied both motions. *See*

*id.*, Order (M.D. Fla. Nov. 6, 2015), Order (M.D. Fla. Nov. 16, 2015). Vega filed two

motions for COA and an IFP motion in the Eleventh Circuit. *See* Vega v. Secretary,

Florida Department, Case No.15-14249, Motion for COA (11th Cir. Oct. 30, 2015),

Motion for COA (11th Cir. Nov. 3, 2015), IFP Motion (11th Cir. Nov. 10, 2015). On

December 3, 2015, the Eleventh Circuit dismissed the appeal for lack of jurisdiction,

stating:

> This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Appellant Walter Vega has appealed from the magistrate judge's August 31, 2015 order striking his notices to serve subpoenas. We lack jurisdiction to review directly the magistrate judge's orders, which are not final and appealable decisions. *See* 28 U.S.C. §§ 636(b), 1291; *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066–67 (11th Cir. 1982). Any pending motions are denied as moot.

> No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.

*See id.*, Order (11th Cir. Dec. 3, 2015).  Vega attempted to file a document in the appeal, but the Eleventh Circuit returned it to him unfiled because it was written in Spanish.  *See id.*, Pleading Returned Unfiled (11th Cir. Dec. 18, 2015).  The court advised Vega that all pleadings sent to the court must be written in English.  *See id.*

Based upon this record, Vega has failed to demonstrate that his problems with the law library (i.e., the inmate law clerk's refusal to assist him in filing a motion for COA, the failure to provide a Spanish speaking inmate law clerk, the denial of access to the law library for two days in September of 2015, and the denial of copying services for two days in December of 2015) actually prejudiced him in his federal habeas appeals. In appeal No. 14-11692, the Eleventh Circuit construed Vega's notice of appeal as a motion for COA and denied it, concluding that Vega was not entitled to issuance of a COA.  The appellate court also considered Vega's motion for reconsideration, but denied it on the merits in June of 2015.  Vega's allegations fail to plausibly suggest that the presentation of his appeal was impeded by any of his problems with the law library, or that a motion for COA or for reconsideration had arguable merit.

With respect to appeal No. 15-14249, which was pending from September to December of 2015, the Eleventh Circuit dismissed it for lack of jurisdiction, because Vega was attempting to appeal non-final orders of a magistrate judge.  Vega's allegations fail to plausibly suggest that presentation of his appeal was impeded by any of his problems with the law library, or that the appeal (or Vega's post-dismissal motion for reconsideration) had arguable merit.

More specifically with regard to Vega's claim that he was, or is being, denied access to the courts by virtue of the FDOC's failure to provide Spanish speaking inmate law clerks, the court notes that FDOC policy provides:

> Law libraries shall provide interpreters for any language other than English that is native to 5 percent or more of the statewide inmate population.  Inmates at satellite correctional facilities who require an interpreter shall be provided an opportunity to visit the law library within 1 week of submitting an oral request or Form DC6-236, Inmate Request, for legal assistance to the law library supervisor or other facility staff.

Fla. Admin. Code r. 33-501.301(3)(d).  Vega's allegations do not plausibly suggest that the failure to provide Spanish speaking law clerks, instead of only interpreters, impeded his ability to proceed in any arguably meritorious post-conviction or civil rights matter.[3]

---

[3] The court notes that Vega has communicated effectively and often with this court throughout the pendency of this civil rights action, which he commenced on September 9, 2015.

In sum, Vega's allegations fail to state a plausible First Amendment claim of denial of access to the courts.  Therefore, his First Amendment claims should be dismissed under § 1915(e)(2)(B)(ii).

Vega's allegations also fail to state a plausible Equal Protection claim.  The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike.  *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985).  To state a claim under the Equal Protection Clause, a prisoner generally must allege "that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race."  Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001) (internal quotations omitted).

Vega claims that the failure to provide Spanish speaking inmate law clerks constitutes discrimination on the basis of his race.  However, the facts show that the difference in treatment is based upon the language that Vega speaks, not his race.  Spanish speakers are not a constitutionally protected class for equal protection purposes.  Therefore, Vega's equal protection claim should be dismissed.

This leaves Vega's claim that Secretary Jones failed to sign and date her response to one of Vega's administrative grievance appeals. The Eleventh Circuit has

held that the provision of an administrative grievance process is not constitutionally mandated.  *See* Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (prisoners have no constitutionally protected liberty interest in having access to prison grievance procedures); *see also, e.g.*, Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 839 (11th Cir. 2014) (unpublished but cited as persuasive authority) (prisoner's allegation that prison officials mishandled grievance procedure failed to state a due process violation, because prisoners have no constitutionally protected liberty interest in access to prison grievance procedures); Moore v. McLaughlin, 569 F. App'x 656, 659 (11th Cir. 2014) (unpublished) (prisoner had no constitutionally protected liberty interest in access to prison's grievance procedure, and thus, could not base § 1983 claim on officials' alleged failure to respond appropriately to his grievances); Mathews v. Moss, 506 F. App'x 981 (11th Cir. 2013) (unpublished) (allegations that prison grievances were either ignored or wrongly decided, or that prison officials did not properly follow grievances procedures, failed to state a constitutional violation).

In the instant case, Secretary Jones's failure to sign and date Vega's administrative grievance appeal did not amount to a violation of Vega's rights under the First Amendment or the Due Process Clause.  Therefore, this claim should be dismissed pursuant to § 1915(e)(2)(B)(ii).

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1.      That Plaintiff's Second Amended Complaint (ECF No. 24) be

**DISMISSED with prejudice** for failure to state a claim upon which relief may be

granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      The clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 21st day of March 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**